**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

MARTIAN SALES, INC.,

*Plaintiff,*

v.

UNITED STATES FOOD AND DRUG
ADMINISTRATION; ROBERT M.
CALIFF; and UNITED STATES OF
AMERICA,

     *Defendants.*

Civil Action No. 1:24-cv-3031-RBW

---

**MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE OF
CHRISTOPHER HARRISON, ON BEHALF OF THE SURVIVING CHILDREN
OF AMANDUS HARRISON, DECEASED, AND DAVID BERG, AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF JOSIAH BERG, DECEASED**

Amandus "Natasha" Harrison was a 46-year-old mother of six when she was killed by O.P.M.S. Black Liquid Kratom manufactured and sold by Martian Sales, Inc. Her oldest son, Christopher Harrison, brings this motion to intervene on behalf of the beneficiaries to Ms. Harrison's estate: his five siblings and himself.

Josiah Berg was only 20 years old when he was killed by O.P.M.S. Liquid Kratom, including O.P.M.S. Black, manufactured and sold by Martian Sales, Inc. His father, David Berg, as Personal Representative of the Estate of Josiah Berg, brings this motion to intervene on behalf of Mr. Berg's Estate and its beneficiaries. Christopher Harrison and David Berg are jointly referred to herein as the "Intervenors."

Kratom is an extremely dangerous drug, causing overdoses and deaths

nationwide; far from the "desirable alternative to pharmaceutical opioids" claimed by Martian Sales, Inc. in its Complaint.

Plaintiff Martian Sales, Inc. has asked this Court to (i) Enter a declaratory judgment in favor of Martian Sales, Inc. and against the Federal Defendants, declaring that the FDA has acted unlawfully in warning about the dangers posed by Martian Sales, Inc.'s O.P.M.S. Black Liquid Kratom and (ii) issue an injunction enjoining the FDA from warning of the dangers of Martian Sales, Inc.'s O.P.M.S. Black Liquid Kratom. If Martian Sales, Inc. prevails in this action against the Federal Defendants, it will silence an important warning. A warning given too late for Amandus Harrison and Josiah Berg, but which will help prevent the deaths of others like them. Plaintiff makes numerous claims in its Complaint that, if given credence by this Court, would undoubtedly be used by Martian Sales, Inc. against Intervenors to defend its product in imminent wrongful death lawsuits.

Given the significant interest and their satisfaction of the other elements required under Federal Rule of Civil Procedure 24(a), Mr. Harrison and Mr. Berg have a right to intervene.  Intervenors also meet the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b). Alternatively, if the Court decides not to grant intervention, Intervenors seek leave to appear in this matter as an *amicus curiae*.

Pursuant to Local Civil Rule 7(m), counsel for Mr. Harrison and Mr. Berg contacted counsel for Martian Sales, Inc. and the Federal Defendants regarding this motion. Both parties indicated that they oppose intervention, but the Federal Defendants take no position on Intervenors appearing as an

*amicus curiae.*

## I.    ARGUMENT

### A.    Mr. Harrison and Mr. Berg are entitled to intervene as of right.

Federal Rule of Civil Procedure 24 describes the requirements for

intervention as of right and permissive intervention:

> On timely motion, the court must permit anyone to intervene
> who…claims an interest relating to the property or transaction
> that is the subject of the action, and is so situated that disposing
> of the action may as a practical matter impair or impede the
> movant's ability to protect its interest, unless existing parties
> adequately represent that interest.

Fed. R. Civ. P. 24(a)(2).

A party is entitled to intervene as of right when: (1) the motion is timely;

(2) the applicant claims an interest relating to the property or transaction

that is the subject of the action; (3) the applicant is so situated that the

disposition of the action may as a practical matter impair or impede the

applicant's ability to protect that interest; and (4) the applicant's interest is

not adequately represented by existing parties. *Fund For Animals, Inc. v.

Norton*, 322 F.3d 728, 731 (D.C. Cir. 2003); *Jones v. Prince George's Cnty.*,

348 F.3d 1014, 1017 (D.C. Cir. 2003) (listing factors as "timeliness, interest,

impairment of interest, and adequacy of representation").  In addition, the

movant must have standing.  *Crossroads Grassroots Policy Strategies v. FEC*,

788 F.3d 312, 316 (D.C. Cir. 2015).

Mr. Harrison and Mr. Berg satisfy these requirements for intervention

as of right—an issue on which "the D.C. Circuit has taken a liberal

approach." *The Wilderness Soc. v. Babbitt*, 104 F. Supp. 2d 10, 18 (D.D.C.

2000).

### 1.   The motion is timely.

Mr. Harrison and Mr. Berg timely moved to intervene.  On October 23, 2024, Martian Sales, Inc. filed its complaint in this matter.  Before any responsive submissions have been filed and before this Court has issued any orders other than regarding pro hac vice admissions, Mr. Harrison and Mr. Berg moved to intervene.  *See Appleton v. F.D.A.,* 310 F. Supp. 2d 194, 197 (D.D.C. 2004) (motion timely when filed within two months of notification of suit); *Mova Pharm. Corp. v. Shalala,* 140 F.3d 1060, 1076 (D.C. Cir. 1998) ("As to timeliness, Upjohn sought to intervene a few weeks after Mova initiated its action, and before the district court ruled on the preliminary injunction; this cannot be regarded as untimely.").

Intervention will not delay these proceedings or prejudice the parties. The Federal Defendants have yet to answer the Complaint.  If intervention is permitted, the Intervenors will seek to file any submissions promptly upon a ruling of this Court.  Thus, the motion is timely.

### 2.   Mr. Harrison and Mr. Berg have a strong interest in the subject of this action.

Fed. R. Civ. P. 24(a)'s second requirement for intervention of as right is that the putative intervenor have "an interest relating to the property or transaction which is the subject of the action." F*und For Animals, Inc. v. Norton,* 322 F.3d 728, 735 (D.C. Cir. 2003) (quoting Fed. R. Civ. P. 24(a)). "The test operates in large part as a 'practical guide,' with the aim of disposing of disputes with as many concerned parties as may be compatible

with efficiency and due process." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 12–13 (D.D.C. 2010) (quoting United States v. Morten, 730 F. Supp. 2d 11, 16 (D.D.C. 2010)). An intervenor "can be said to have a substantial and direct interest in the subject of this litigation" where, as here, the plaintiff's success would mean that a governmental agency's "regulatory decisions, which are obviously in the intervenors' interests, will be set aside." *Nat. Res. Def. Council, Inc. v. U.S.E.P.A.*, 99 F.R.D. 607, 609 (D.D.C. 1983).

Mr. Harrison and Mr. Berg have a direct interest because Martian Sales, Inc. seeks to bar the FDA from warning against the very danger that cost them the lives of their loved ones. For the FDA to set aside its warning would be arbitrary and capricious and in violation of the Administrative Procedures Act. The APA empowers this Court to "hold unlawful and set aside" agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Through this action, Martian Sales, Inc. seeks to silence the FDA's warning to consumers about the dangers of O.P.M.S. Black Liquid Kratom and the Intervenors a strong interest in preventing such an outcome.

Further, Mr. Harrison's and Mr. Berg's interest are profound with regard to the potential prejudice this action may cause their wrongful death actions and those of the numerous other families litigating wrongful death matters against Martian Sales, Inc. and its O.P.M.S. products. Specifically, Martian Sales, Inc. makes claims in its complaint that may result in findings (or claims by Martian Sales, Inc. that such findings were made) and create prejudice to Mr. Harrison and Mr. Berg in their litigations. Such claims

include references to kratom being "introduced to the United States no later than the 1970s" (Complaint at p.3, ¶ 13); "Kratom is a legal product in the U.S…" (complaint at p. 4, ¶ 14); "kratom…is not significantly addictive…" (p. 6, ¶ 20); and "O.P.M.S. Black has an exemplary safety record…" (complaint at p. 12, ¶ 40). These statements are misrepresentations that directly relate to crucial issues in Mr. Harrison's and Mr. Berg's wrongful death claims including liability, causation, and Martian Sales, Inc.'s violations of the Food Drug and Cosmetic Act. The FDA does not share the same interest, or potential prejudice, with regard to these issues. It is crucial that Mr. Harrison and Mr. Berg be permitted to both protect their interests in this matter and prevent Martian Sales, Inc. from manufacturing a false record regarding the safety of its O.P.M.S. product.

### 3.    Mr. Harrison's and Mr. Berg's interests are not adequately represented by existing parties.

The inadequacy of representation requirement "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10, 92 S. Ct. 630, 30 L. Ed. 2d 686 (1972). Accordingly, the showing required for inadequacy of representation is "not onerous." *Fund For Animals, Inc.*, 322 F.3d at 735 (quotation omitted). Indeed, "a movant 'ordinarily should be allowed to intervene unless it is clear that the party will provide adequate representation.'" *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015) (citation omitted).

Martian Sales, Inc.'s interests are squarely adverse to those of Intervenors. Martian Sales, Inc. hopes to stop the FDA from warning about the danger posed by its product O.P.M.S. Black Liquid Kratom and thus exposing other unsuspecting consumers to further injury and death. Should Martian Sales, Inc. prevail, the warning from the FDA about the dangers of its product will be eliminated and the product touted as safe. Therefore Martian Sales, Inc. in no way represents Mr. Harrison's or Mr. Berg's interests, let alone adequately.

The interests of the Federal Defendants also differ from those that the interventors seek to protect. As the D.C. Circuit has explained, "governmental entities do not adequately represent the interests of aspiring Intervenors." *Fund For Animals, Inc.*, 322 F.3d at 736. Mr. Harrison's and Mr. Berg's interests are no exception. Whereas Intervenors would be significantly affected by Plaintiff's misinformation and the procedural impact on the wrongful death litigations they are seeking to pursue, the FDA is responsible for regulating a multitude of products. The outcome of this particular challenge from a well-resourced litigious party, were it successful, would be merely another closed matter. As a result, the Federal Defendants cannot adequately represent Mr. Harrison's or Mr. Berg's interests in this action.

### 4.    **Mr. Harrison and Mr. Berg have Article III standing.**

A party seeking to intervene as a defendant seeking to uphold government action must have standing. *Id.* at 732–33 (intervening defendant showed injury-in-fact, causation, and redressability when the challenged government regulation threatened revenue and funding, that injury was

"fairly traceable to the regulatory action," and a decision favorable to the government would prevent that loss from occurring). To establish standing, a party must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016), as revised (May 24, 2016).

For injury in fact, a party "must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 339 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)).  And the D.C. Circuit has "generally found a sufficient injury in fact where a party benefits from agency action, the action is then challenged in court, and an unfavorable decision would remove the party's benefit." *Crossroads Grassroots Policy Strategies*, 788 F.3d at 317; *see, e.g., Mil. Toxics Project v. E.P.A.*, 146 F.3d 948, 954 (D.C. Cir. 1998) (finding companies, benefiting from an EPA rule regulating their products, had standing to intervene where petitioner challenged that rule).

If this Court were to grant the relief Martian Sales, Inc. seeks, then the interests of Mr. Harrison and Mr. Berg in preventing further deaths from the same product that killed their loved ones will be irreparably harmed as would their impending wrongful death litigations. *Fund For Animals, Inc.*, 322 F.3d at 733 (finding standing where there was a "threatened loss of tourist dollars" if the agency was forced to comply with petitioner's requested relief).

The causation and redressability elements are satisfied as well.  On the

one hand, Mr. Harrison's and Mr. Berg's injury would occur if Martian Sales, Inc. prevails in this lawsuit against the Federal Defendants or even if the Court makes findings adverse to Intervenors' interests or that can be characterized as such by Martian Sales, Inc. On the other, the further injury of Mr. Harrison and Mr. Berg will be avoided if the Court rules in the Federal Defendants' favor. *See id.* (holding that the causation element was satisfied because the injury at issue was "fairly traceable to the regulatory action . . . that the [opposing party sought] in the underlying lawsuit," and the redressability element was satisfied because "it is likely that a decision favorable to the [putative intervenor] would prevent that loss from occurring"). Accordingly, Mr. Harrison and Mr. Berg have standing to intervene as of right.

## B.    Permissive intervention is appropriate, the motion is timely, and will not result in delay.

Mr. Harrison and Mr. Berg also qualify for permissive intervention. District courts have "wide latitude" to grant intervention, especially permissive intervention under Rule 24(b). *In re Endangered Species Act Section 4 Deadline Litig.-MDL No. 2165*, 704 F.3d 972, 980 (D.C. Cir. 2013) (quoting *E.E.O.C. v. Nat'l Children's Ctr., Inc.,* 146 F.3d 1042 (D.C. Cir. 1998)). In the D.C. Circuit, "to litigate a claim on the merits under Rule 24(b)(2), the putative intervenor must ordinarily present: (1) an independent ground for subject matter jurisdiction; (2) a timely motion; and (3) a claim or defense that has a question of law or fact in common with the main action." *EEOC v. Nat'l Children's Ctr., Inc.,* 146 F.3d 1042, 1046 (D.C. Cir. 1998).

In this case Intervenors have an independent ground for subject matter jurisdiction, potential violation of the APA and a potential negative impact on their impending wrongful death litigations involving their loved ones. Reversal by the FDA of its warning regarding the dangers of O.P.M.S. Black Liquid Kratom or adverse findings from this litigation would allow Plaintiff to continue the sale of its deadly product to unsuspecting consumers, be used by Plaintiff to counter Intervenors efforts to prevent further deaths, and be used as a defense by Plaintiff in Intervenors' wrongful death actions against the company.

A court should also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). There will be no delay by permitting Mr. Harrison's and Mr. Berg's intervention. As stated above, the Intervenors have promptly moved to intervene, and they intend to comply with any scheduling order entered by this Court.

**C.    Alternatively, Mr. Harrison and Mr. Berg seek leave to be permitted to participate in this matter as an *amicus curiae*.**

In the event that the Court does not permit intervention in this matter, Mr. Harrison and Mr. Berg move the Court to be permitted participate as an *amicus curiae* as it recently permitted the Metropolitan Police Labor Committee in the matter of *Bread for the City v. District of Columbia*, Case Number 1:23-cv-01945, (D.D.C. 2023), order entered December 12, 2023. A copy of the order of December 12, 2023, is attached hereto as Exhibit "A."

**II.    CONCLUSION**

For these reasons, Mr. Harrison and Mr. Berg request that the Court grant their motion for intervention as of right under Rule 24(a); permissive intervention under Rule 24(b); or, alternatively, to participate as an *amicus curiae*.

## CERTIFICATE OF SERVICE

I certify that, on December 6, 2024, a copy of the foregoing Memorandum was filed and served electronically upon counsel of record.

Dated:  December 6, 2024          Respectfully submitted,

*/s/Altom Maglio*
Altom M. Maglio, DC Bar No. 456975
amm@mctlaw.com
gkeenan@mctlaw.com
**mctlaw**
1515 Ringling Boulevard
Suite 700
Sarasota, FL 34236
888.952.5242

*Counsel for Putative Intervenors*